| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Creek Townhouse Condominium §
Association, Inc., §
§
      Plaintiff, §
§
versus §    Civil Action H-11-674
§
Philadelphia Indemnity Insurance Co., §
et al., §
§
      Defendants. §

# Opinion on Summary Judgment

1.    *Introduction.*

A condominium owner disputes its insurance carrier's payment for damage from Hurricane Ike. The insurance carrier will prevail.

2.    *Hurricane Ike.*

Creek Townhouse Condominium Association owns apartment buildings in southwest Houston. Hurricane Ike damaged four of its buildings on September 13, 2008. When the hurricane struck, Philadelphia Indemnity Insurance Company insured the buildings.

Philadelphia hired claim adjuster Edward Elftmann of Engle Martin & Associates to inspect the property. He inspected the buildings on September 19. Elftmann estimated the repair cost on November 1 and reported to Philadelphia two days later. Creek agreed to that amount on December 8. Elftman then spontaneously discovered an error in his calculations for one building. He increased the amount, and Creek's property manager signed the revised statement of loss on December 17. Philadelphia closed Creek's claim on January 9, and it paid Creek $51,617 on January 12, 2009. Creek did not contact Philadelphia again about its claim until suing on February 25, 2011.

Creek says Philadelphia violated the Texas Insurance Code and Texas Deceptive Trade Practices Act, delayed payment, committed fraud, breached its insurance policy, and breached the common law duty of good faith and fair dealing. Philadelphia has moved for summary judgment.

3.  *Limits.*

Suits under Chapter 541 of the Texas Insurance Code must be filed within two years of the cause of action. Similarly, suits under the Texas Deceptive Trade Practices Act must be filed within two years of the cause of action or within two years after the consumer should have discovered a deceptive act.

Philadelphia says Creek's claims are barred by these statutes of limitations. Hurricane Ike delivered its damage on September 13, 2008, and Philadelphia paid Creek on January 12, 2009. More than two years later – and after cashing Philadelphia's check – Creek sued on February 25, 2011. As a defense, Creek says that when its cause of action arose is an undetermined fact. This is a slogan in search of a fact. Creek's cause of action arose when Philadelphia paid in January 2009. Its claims under the statutes are late.

Creek says payment was delayed. It offers its recent estimate from 2011 for damage from 2008 and Philadelphia's payment 121 days after Creek was damaged.

After an insured makes a claim, the insurance carrier must act by specific deadlines under the Texas Insurance Code. A lawsuit claiming violation of these requirements must be made within two years of the violation. This claim is late and barred.

4.  *Fraud.*

Creek says Philadelphia defrauded it when Elftmann undervalued the damage and overvalued the property. It also says that he misrepresented Creek's coverage. When insurance companies evaluate property damage, their adjusters make estimates that are approximations of repair costs. As sometimes happens, when these initial estimates are low, insurance companies change their calculations or later send checks to cover the difference.

Creek did not identify a material fact that Philadelphia falsely represented on which it relied and Philadelphia knew was wrong. Philadelphia says that it disregarded a penalty it could have applied against Creek for being under-insured. Creek has no reason to dispute overvaluation of its property, because Philadelphia did not apply a coinsurance penalty for its being under-insured.

Creek has no evidence of fraud – it is only dissatisfied with Philadelphia's damage assessment. Creek's insurance policy described how to dispute the assessment. Under the policy, Creek could have sent a letter to Philadelphia or had a second inspector assess the damage. It did nothing until suing Philadelphia 25 months after payment. The only fraud here is Creek's assertion of claims that it knows are imagined.

5. *Breach.*

Creek says Philadelphia breached its insurance policy by estimating the damage to be less extensive than Creek now says it was and delaying payment. Creek's recent assessment of its damage in March, 2011, is only evidence of Creek's dissatisfaction with Philadelphia's assessment. Dissatisfaction alone does not support a claim for breach. Creek had a dispute which it should have resolved sooner, either by hiring an alternate assessor or suing within two years.

6. *Conclusion.*

More than two years after signing a statement of loss and cashing the carrier's check, the apartment owner has asserted a typical list of legal theories – fraud, breach, and statutory violations. It has no facts to support any of them. The actual data show prompt, thoughtful claims administration by the carrier.

The owner is late – not the carrier. Expanding his mean and dishonest assault, he also sued the adjuster, raising the cost of insurance for everyone else. He could not have done this, of course, without the assistance of an unprincipled lawyer. Creek will take nothing from Philadelphia Indemnity Insurance Company, Engle Martin & Associates, or Edward Elftmann.

Signed on November 14, 2011, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge